■ FEIGE SAKS, an Infant, by Her Father, SAMUEL SAKS, et al., Appellants, v Ross RODNEY HOUSING CORP. et al., Respondents. — In a personal injury action, the appeal is from an order of the Supreme Court, Kings County

(Rader, J.), dated March 26, 1981, which granted the defendants' motion for a protective order precluding discovery of a certain engineer's report, on the ground that it was material prepared for litigation. Order reversed, with $50 costs and disbursements, and motion for a protective order denied. Defendants are directed to furnish the plaintiffs, or their attorney, with a copy of the engineer's report within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. At a precalendar conference held on February 20, 1981, counsel for the defendants agreed to furnish the plaintiffs with a copy of a certain engineer's report. The stipulation was incorporated in the court's "pre-calendar order". The defendants, however, failed to produce the report. By notice of motion dated February 26, 1981, they moved for a protective order asserting that, pursuant to CPLR 3101 (subd [d]), the report was not subject to disclosure. In an affirmation in support of the motion, the attorney for the defendants asserted that he had mistakenly agreed to furnish the report because he was unaware that the report had, in fact, been prepared solely for the purpose of this litigation. On this basis, Special Term granted the motion. We are unable to credit the assertion of defendants' counsel that, when he entered into the stipulation, he was of the belief that the engineer's report was prepared prior to the initiation of the litigation. Counsel was clearly aware that the report was prepared on October 9, 1980, more than three years after the action was commenced. The fact that he later had second thoughts about the wisdom of furnishing the report to his adversary did not constitute good cause for setting aside the stipulation, which, having been reduced to an order, was binding upon the parties (see CPLR 2104; cf. *Matter of Frutiger,* 29 NY2d 143). Were we to permit a stipulation to be vacated in such circumstances, we would seriously undermine the efforts of Judges and lawyers to resolve, by agreement, issues related to disclosure. Special Term's order, which, by implication, vacated the agreement, must be reversed. Lazer, J.P., Rabin, Gulotta and Cohalan, JJ., concur.